IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTINE H. CRANDELL,<br><br>Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration[1],<br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF COMMISSIONER<br><br>Case No. 1:12-cv-227-BCW<br><br>Magistrate Judge Brooke Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2]

Plaintiff Christine H. Crandell ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied her application for Social Security Disability and Disability Insurance Benefits. After careful consideration of the written briefs and the administrative record, the Court has determined that oral argument is unnecessary and issues the following Memorandum Decision and Order AFFIRMING the decision of the Commissioner.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of the Social Security Administration. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. See 42 U.S.C. §405(g)("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); F.R.C.P. 25(d)("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise.); docket no. 20.
[2] See 28 U.S.C. §636(c); F.R.C.P. 73; docket no. 13.

## BACKGROUND

Plaintiff, Christine H. Crandell, who was born on May 23, 1960,[3] filed an application for Disability and Disability Insurance Benefits on March 31, 2010.[4] In her application for benefits, Plaintiff alleged an onset date of disability of January 1, 2000.[5] Plaintiff meets the insured status requirements through December 31, 2004.[6]

Plaintiff contends she is disabled due to a combination of impairments including major depressive disorder, generalized anxiety disorder and fibromyalgia.[7] Plaintiff asserts her primary cause of disability was her mental illness.[8] Plaintiff's claims were initially denied on July 19, 2010, and upon reconsideration on September 1, 2010.[9] Plaintiff then requested an administrative hearing.[10] A hearing before an Administrative Law Judge ("ALJ") was held on July 11, 2011.[11] On August 4, 2011, the ALJ issued a written decision denying Plaintiff's claim for benefits.[12] Plaintiff then appealed the denial to the Social Security Appeals Council which denied a review of the ALJ's decision on September 27, 2012.[13] Pursuant to 42 U.S.C. § 405(g), this appeal followed.

In the ALJ's decision, the ALJ found at Step One of the required sequential evaluation process[14] that Plaintiff had not engaged in substantial gainful activity since January 1, 2000, the

---

[3] Administrative Record, docket no. 16 [hereinafter referred to as "Tr."] at 22.
[4] Tr. at 13.
[5] Id.
[6] Tr. at 15.
[7] Opening Br., docket no. 21 at p. 2.
[8] Id. Because of the legal issues presented in this appeal, the Court believes that it is unnecessary to further discuss the underlying facts associated with Plaintiff's illness or treatment because the Court has reached its decision without regard to these facts.
[9] Tr. at 13.
[10] Tr. at 66-67.
[11] Tr. at 13.
[12] Tr. at 10, 13-24.
[13] Tr. 1-6.
[14] See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step evaluation process for determining if a claimant is disabled).

alleged onset date, through December 31, 2004, the date Plaintiff was last insured.[15] At Step Two, the ALJ found Plaintiff's severe impairments to be (1) fibromyalgia; (2) mild degenerative disc disease of the lumbar spine; (3) benign positional vertigo; (4) obesity; (4) major depressive disorder; and (5) anxiety disorder.[16] At Step Three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained within the regulations.[17]

Next, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform "a range of sedentary work," with the following additional limitations:

- No climbing ladders, ropers or scaffolds;
- No more than occasional balancing, stooping, crouching, kneeling, crawling, and climbing ramps or stairs;
- Could tolerate no more than frequent exposure to hazards such as machinery and unprotected heights;
- Due to pain, side effects of medications, and mental impairments, could only make simple work-related judgments and decisions, understand, remember, and carry out only short and simple instructions, deal with only occasional changes in a routine work setting, and have no more than frequent contact with the public, coworkers, and supervisors; and
- No fast paced work, but could do goal oriented work.[18]

In making this finding, the ALJ discussed the medical records, findings, and opinions of Dr. David McCann, Dr. C. Haydee Mas, Ph.D and the state agency physicians.[19] Specifically at issue for purposes of this appeal is the opinion of C. Haydee Mas, Ph.D, who opined that Plaintiff is unable to work because Plaintiff "…could not focus, stop crying or interact with people" and the opinion of Junko McWilliams, a non-examining state agency physician.[20]

---

[15] Tr. at 15.
[16] Id.
[17] Id.
[18] Tr. at 17.
[19] Tr. at 21-22.
[20] Tr. at 21.

The ALJ gave Dr. Mas's opinion "little weight."[21] In making this determination the ALJ noted Dr. Mas treated Plaintiff's depression from June 9, 2003 to February 3, 2005, and stated

> Treatment records show that Dr. Mas saw the claimant for therapy symptoms to her depression during the relevant period, and support her reports of depressive symptoms. However, her treatment records do not support her conclusion that the claimant was unable to work. Furthermore, Dr. Mas' opinion in 2010, was written more than five years since she last seen the claimant and nearly six years since the claimant's date last insured. Thus, due to the significant time gap between her actual treatment of the claimant and her opinion on her functional capacity, the undersigned gives her opinion little weight.[22]

The ALJ gave the opinion of Junko McWilliams, "great weight."[23] Dr. McWilliams opined Plaintiff experienced "more than minimal limitation with remembering and carrying out detailed instructions, maintaining attention and completing a normal work day as well as getting along with co-workers and supervisors."[24] However, according to Dr. McWilliams, Plaintiff's mental limitations did not preclude Plaintiff's ability to perform simple tasks without much variation, which she could learn on the jobsite.[25] The ALJ found Dr. McWilliams's opinion to be well supported and consistent with the medical record and because of Dr. McWilliams's role as a state agency physician he is "familiar with the Agency's standards for disability…"[26]

At Step Four, the ALJ found through the date last insured, Plaintiff was not able to perform any past relevant work as a bookkeeper.[27] At Step Five, after considering the Plaintiff's "age, education, work experience, and residual functional capacity," the ALJ concluded there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as

---

[21] Tr. at 22.
[22] Tr. at 21-22.
[23] Tr. at 22.
[24] Tr. at 516.
[25] Tr. at 22.
[26] Id.
[27] Id.

an "addresser," "final assembler," or "charge account clerk."²⁸ Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act.²⁹

**STANDARD OF REVIEW**

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by "substantial evidence" and whether the correct legal standards were applied.³⁰ If supported by substantial evidence, the findings are conclusive and must be affirmed.³¹ "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."³² Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."³³ Moreover, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."³⁴

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.³⁵ In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.³⁶ However, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.³⁷ Further, the Court "…may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice

---

²⁸ Tr. at 23.
²⁹ Tr. at 24.
³⁰ Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Ruthledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1993).
³¹ Richardson v. Perales, 402 U.S. 389, 401 (1981).
³² Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).
³³ Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
³⁴ Wall v. Astrue, 561 F.3d 1048, 1066 (10th Cir. 2009)(internal citation omitted).
³⁵ Id. at 1066.
³⁶ Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).
³⁷ Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).

had the matter been before it de novo."[38] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[39]

In applying these standards, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and arguments. The Court deems oral argument to be unnecessary, and finds as follows:

## ANALYSIS

### 1. Treating and Examining Medical Providers

In her appeal, Plaintiff argues that the ALJ erred by not providing "a proper reason for rejecting the opinion of C. Haydee Mas, Ph.D., Plaintiff's Treating Psychologist during the relevant period."[40] Plaintiff also argues that the ALJ's reliance on Dr. Junko McWilliams's opinion is misplaced because Dr. McWilliams did not have all of Plaintiff's medical records when he issued his findings.[41] Specifically, Plaintiff points to the fact that at the time Dr. McWilliams's completed his opinion form, Dr. Mas's treatment notes had not been collected. Plaintiff submitted Dr. Mas's treatment notes to the hearing office about a year after Dr. McWilliams's rendered his opinion.[42] Thus, according to Plaintiff, "Dr. McWilliams' could not have determined whether Dr. Mas' opinion was consistent with her treatment notes, as he did not have the notes for review, and his opinion was based on incomplete evidence relating directly to the relevant time period at issue in this case."[43]

---

[38] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).
[39] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).
[40] Opening Br. at p. 7.
[41] Id. at p. 9.
[42] Id. at p. 9-10.
[43] Id. at 10.

Under the regulations, "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairments, including…symptoms, diagnosis, and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."[44] Social Security Ruling ("SSR") 96-8p provides "[t]he RFC assessment must always consider and address medical source opinions. If the assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[45]

In the 10th Circuit, in evaluating Plaintiff's treating physician(s), "…the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."[46] "The initial determination the ALJ must make with respect to a treating physician's medical opinion is whether it is conclusive, i.e., is to be accorded controlling weight, on the matter to which it relates."[47] "The ALJ must give 'controlling weight' to the treating physician's opinion, provided that opinion 'is well-supported…and is not inconsistent with other substantial evidence…'"[48] "If the opinion is deficient in either of these respects, it is not to be giving controlling weight."[49] However, "[e]ven if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference[.]"[50] Thus, at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors"[51] provided in [20 C.F.R. § 404.1527].

---

[44] 20 C.F.R. § 416.927(a)(2).
[45] SSR 96-8p, 1996 WL 374184, at *7 (Effective July 2, 1996).
[46] Krauser v. Astrue, 638 F.3d 1324, 1330 (10th Cir. 2011).
[47] Id. (citing Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003)).
[48] White v. Barnhart, 287 F.3d 903, 907 (10th Cir. 2001)(citing 20 C.F.R. § 404.1527(d)(2)).
[49] Krauser, at 1330.
[50] Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted).
[51] Krauser, at 1330.

> Those factors are: (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[52]

"If this procedure is not followed, a remand is required."[53]

The Court is cognizant of this line of reasoning displayed in the cases <u>Krauser v. Astrue</u> and more recently in <u>Chrismon, II v. Colvin</u>. However, in examining both cases, this Court finds the underlying reasoning by the ALJ in this case to be different than in both <u>Krauser</u> and <u>Chrismon</u>, thereby compelling a different conclusion. As discussed in more detail below, this Court interprets both <u>Krauser</u> and <u>Chrismon</u> to require that in addition to a failure to complete the "two-step analysis," "something more" must be shown in order for a case to be reversed and remanded.[54]

While not explicitly argued by the Plaintiff, the Court, after a full review of the record, finds with regard to Dr. Mas, the ALJ did not specifically address the first part of the two-step inquiry required by the 10th Circuit. In fact, the decision does not mention the controlling weight question at all with regard to Dr. Mas. However, although the 10th Circuit has stated "[e]xplicit findings properly tied to each step of the prescribed analysis facilitate meaningful judicial review,"[55] the Court finds this case to be distinguishable from both <u>Krauser</u> and <u>Chrismon</u> which articulated that standard.

---

[52] <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted); see also 20 C.F.R. § 404.1527(c); Social Security Ruling ("SSR") 96-2p.
[53] <u>Chrismon II v. Colvin</u>, No. 12-5184, 2013 WL 4437616 at *6 (10th Cir. Aug. 21, 2013)(unpublished).
[54] Further clarification from the Circuit would be helpful as to whether failure to complete the "two-step" analysis is in fact all that is required for remand.
[55] <u>Chrismon</u>, at *7.

In Krauser, the ALJ simply concluded that the treating physician's opinion was not given controlling weight, and "then said no more about it."[56] Thus, the 10th Circuit held "[w]e must remand because we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion."[57] Here, the ALJ's opinion differs from the opinion in Krauser because the ALJ found that Dr. Mas's opinion was entitled to "little weight" and Dr. McWilliams' opinion was entitled to "great weight."[58]

As to the 10th Circuit's recent opinion in Chrismon, the Court finds this case is also distinguishable from the instant case. In Chrismon, the Court reversed and remanded a decision of an ALJ where the ALJ failed to follow the sequential two-step inquiry in evaluating the opinion of claimant's treating physician and where the basis the ALJ relied upon in affording the treating physician's little weight ("absence of longitudinal records") was not supported because medical records were produced after the ALJ's decision which undermined the ALJ's reasoning.[59]

Here, arguably like Chrismon, Dr. McWilliams's opinion may have been undermined because he did not have possession of Dr. Mas's treatment notes when he formed his opinion. However, the Court believes this to be a different situation than in Chrismon. Dr. McWilliams was able to review Dr. Mas's opinion and other medical records contained within Plaintiff's file to evaluate Plaintiff's disability. Further, the Court agrees with Defendant that "…nothing in Dr. Mas's treatment notes contradicts, undermines, or otherwise renders inconsistent Dr. McWilliams's opinion…"[60] Also, the Court finds that the ALJ applied the correct legal

---

[56] Krauser, at 1331.
[57] Id.
[58] Tr. at 22.
[59] Chrismon, at *6-7. ("We are left with a treating source opinion, potentially dispositive as to disability, which the ALJ rejected for a reason the administrative records cannot support.")
[60] Answer Brief, docket no. 22, at p. 15.

standards in evaluating Dr. McWilliams's opinion, the ALJ articulated the reason why Dr. McWilliams's opinion was not entitled to controlling weight (he was not a treating physician) and provided specific, legitimate reasons why this opinion was entitled to "great weight." Therefore, the ALJ's analysis as to Dr. McWilliams is supported by substantial evidence and the Court finds no error.

Next, as to Dr. Mas's opinion, the Court finds this too distinguishable from Chrismon. Unlike Chrismon, the administrative record supports the ALJ's affording of "little weight" to Dr. Mas's opinion.[61] Here, the ALJ was able to review Dr. Mas's treatment notes and weigh them against the opinions and records from other medical providers and evaluators. In addition, the Court agrees that the ALJ provided "good reasons" tied to the regulatory factors that support the ALJ's findings as to Dr. Mas.[62] Specifically, while not required to discuss all the evidence,[63] the ALJ's opinion articulates that the regulatory factors were taken into account. The ALJ noted that Dr. Mas's specialty was psychology[64] and that ALJ was aware that Dr. Mas treated Plaintiff for over a year during the relevant period.[65] The ALJ also indicated an inconsistency in the record by stating that Dr. Mas's treatment records supports Plaintiff's reports of depressive symptoms but does not support Dr. Mas' conclusion that Plaintiff is unable to work.[66] While the Court agrees that the ALJ could have done a better job at citing portions of Dr. Mas's treatment notes that do not support her opinion as to Plaintiff's disability, upon review of the Administrative Record, it is clear that the record contains substantial evidence supporting the ALJ's conclusion as to Dr. Mas. Lastly, without re-weighing the evidence, the Court believes the ALJ's reasoning

---

[61] See Chrismon, at *8.
[62] See Krauser, at 1330
[63] Wall v. Astrue, 561 F.3d 1048, 1066 (10th Cir. 2009)(internal citation omitted).
[64] Tr. at 21.
[65] Id.
[66] Id.

that "…due to the significant time gap between her actual treatment of the claimant and her opinion on her functional capacity," Dr. Mas's opinion was entitled to "little weight" is "sufficiently specific to make clear the weight the adjudicator gave [to Dr. Mas's opinion] and the reason for that weight".[67] Therefore, the Court finds no error in the ALJ's evaluation of Dr. Mas's opinion.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Plaintiff's arguments regarding the ALJ's rejection of her treating and examining physicians do not have merit and do not warrant remand for further proceedings. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is AFFIRMED.

DATED this 16 October 2013.

Brooke C. Wells
United States Magistrate Judge

---

[67] Langley, at 1119 (internal citations omitted).